## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-60531-WPD
JURY TRIAL DEMANDED

JOAN NAGAR

      Plaintiff,

vs.

STEVEN ROSENBERG, and; THE
TOWERS OF OCEANVIEW EAST
CONDOMINIUM ASSOCIATION,
INC., and; EISINGER, LEWIS,
CHAIET, STIVELMAN, EISINGER &
SHEIR, P.A.

      Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff JOAN NAGAR (*hereinafter* "Plaintiff"), by and through undersigned counsel brings this action for damages resulting from Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 *et seq.* both of which prohibited the Defendants from engaging in abusive, deceptive, and unfair practices.

## NATURE OF ACTION

### I.    *THE FAIR DEBT COLLECTION PRACTICES ACT*

1.    The Fair Debt Collection Practices Act (the "FDCPA") is a series of statues which prohibits a catalog of activities in connection with the collection of debts. *See* 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

2.      In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. §1692(b).

3.      The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collection and provides for specific consumer rights. 15 U.S.C. §1692(k). The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, but generally and in a specific list of disapproved practices.

4.      Section 1692(e) of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692(e). The sixteen subsections of §1692(e) set forth a non-exhaustive list of practices that fall within this ban of which includes:

> (2)  The false representation of [] (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> …
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt

collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. §1692(e).

5.      Section 1692(g) of the FDCPA requires certain contents for a debt collector's initial communication, or a subsequent communication within five days, containing:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5)  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692(g).

6.      The Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services.

## II.      THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

6.      The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla. 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections

and protections and prohibitions of the FDCPA. *See Bianchi v. Migliaccio, LLP*, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

7.      Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.27(9).

8.      The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not otherwise regulated by the FDCPA. *See In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collecting a consumer debt*." (emphasis added)); *See, e.g.*, *Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

9.      As set forth in more detail below, Defendants violated the aforementioned portions the FDCPA and FCCPA. Plaintiff now seeks damages and/or injunctive relief for the same.

**PARTIES, JURISDICTION, AND VENUE**

10.     Jurisdiction of this Court arises under 15 U.S.C. §1692(k), 28 U.S.C. §1331, and 28 U.S.C. §1337.

11.     Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact business here and the conduct complained of occurred here.

12.     Plaintiff, JOAN NAGAR, is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida, and is otherwise *sui juris*.

13.     Defendant, STEVEN ROSENBERG ("Rosenberg"), is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida, and is otherwise *sui juris*.

14.     Defendant, THE TOWERS OF OCEANVIEW EAST CONDOMINIUM ASSOCIATION, INC. ("TOVE"), is a not-for-profit corporation registered to do business in Florida, with its principal place of business in Broward County, Florida, and is otherwise *sui juris*.

15.     At all times material hereto, Defendant TOVE has been a Florida not-for-profit corporation subject to the FCCPA.  *See, e.g.*, *Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

16.     At all times material hereto, Defendant TOVE was acting in an attempt to collect Plaintiff's alleged debt.

17.     Defendant, EISINGER, LEWIS, CHAIET, STIVELMAN, EISINGER & SHEIR, P.A. ("Eisinger"), is a Florida Limited Liability Company, with its principal place of business located in Broward County, Florida, and is otherwise *sui juris*.

18.     Defendant Eisinger engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

19.     Defendant Eisinger regularly collects and attempts to collect debts for other persons and parties. Defendant Eisinger is a "debt collector" as the term is defined in the FDCPA and FCCPA.

20.     At all times material hereto, Defendant Eisinger was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

21.     At all times material hereto, Defendant Eisinger has also been a corporation subject to the FCCPA.  *See, e.g.*, *Cook v. Blazer Fin. Services, Inc.*, 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

## FACUTAL ALLEGATIONS

22.     This Complaint arises out of Defendants knowingly charging, attempting to collect, and threatening to foreclose on illegal and illegitimate fees for the purpose of enriching themselves at the expense of Plaintiff when Defendants were not authorized or entitled to charge such fees.

23.     Plaintiff is engaged as a full-time employee, acting as office manager, for a large personal injury law firm in South Florida.

24.     Plaintiff is an upstanding citizen and resident.

25.     Plaintiffs maintains an excellent credit rating.

26.     The events described herein caused Plaintiff to suffer continuing severe emotional distress and anxiety due to legitimate concerns for job security, loss of reputation, distrust among her peers, credit score reduction, and litigation including foreclosure.

27.     Plaintiff continues to experience such emotional distress on a daily basis as this matter involves her neighbor (Defendant Rosenberg, whom she frequently sees in and around her residence) and her residential association (Defendant TOVE, with whom she has an ongoing

business relationship).

28.     Plaintiff owns the following real property in Broward County, Florida:

**Condominium Unit No. 1108, THE TOWERS OF OCEANVIEW EAST, a Condominium, according to the Declaration of Condominium thereof, as recorded in OR Book 9521, Page 18, and all exhibits and amendments thereof, Public Records of Broward County, Florida.**

29.     Defendant TOVE is a residential homeowners' association as defined by Florida Statutes § 718.301(9).

30.     Pursuant to its Declaration of Condominium, the operation, management, and affairs of Defendant TOVE's business is primarily administered by a Board of Directors (the "Board") and its officers.

31.     From August 6, 2021, until April 8, 2022, Defendant TOVE and Defendant Rosenberg were involved in a multiple count lawsuit in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, styled as *STEVEN ROSENBERG vs. TOWERS OF OCEANVIEW EAST CONDOMONIUM ASSOCIATION, INC., ROBERT SOKOL, and RICHARD BERGERON*, assigned Case No. CACE-21-015377 (the "State Court Proceeding").

32.     This was not the first case between Defendant TOVE and Defendant Rosenberg, yet Defendant Rosenberg was a member of the Board.

33.     Defendant Rosenberg's Complaint in the State Court Proceeding alleged breach of settlement terms against Defendant TOVE, as well as defamation against various other members of the Board. Defendant TOVE also counterclaimed against Defendant Rosenberg for breach of contract and specific performance.

34.     On or around February 8, 2022, during the pendency of the State Court Proceeding, and while serving as a member of the Board, Defendant Rosenberg began to publicly accuse Plaintiff of improper parking privileges.

35.     At that time, Plaintiff was also a member of the Board.

36.     Plaintiff vehemently disputed and defended any allegations of wrongdoing; and continues to assert her innocence.

37.     Plaintiff was originally assigned parking spot #567 upon purchase of her condominium unit.

38.     Due to a temporary disability, Plaintiff applied to the Board for temporary use of parking spot #450. The Board approved Plaintiff's request.

39.     Additionally, Plaintiff purchased parking spot #1103 from its previous owner, registered same with the Board, and was approved by the Board for use of parking spot #1103.

40.     Defendant Rosenberg determined that the Board should tow Plaintiff's vehicle from any parking spot other than #567, and sent numerous electronic communications falsely accusing Plaintiff of improper or illegal parking.

41.     Such electronic communications were sent to third parties other than Plaintiff and Plaintiff's family, such as: all residents of The Towers of Oceanview East, all members of the Board, and officers of TOVE.

42.     Other members of the Board and officers of TOVE immediately and consistently defended Plaintiff as having followed the proper channels for approval of parking spots; yet, the conclusory communications continued.

43.     Defendant Rosenberg's communications about Plaintiff's financial affairs caused Plaintiff to suffer severe emotional distress and anxiety.

44.     On or about February 10, 2022, Defendant Rosenberg, individually and allegedly on behalf of Defendant TOVE, sent an initial written communication to Plaintiff (via electronic mail, which included other members of the Board and officers as recipients) demanding payment

of $1,650.00 as retroactive parking charges for temporary use of spot #450, or to suffer additional collection costs if unpaid within ten (10) days.

45.     Defendant Rosenberg's demand for payment caused Plaintiff to suffer severe emotional distress and anxiety.

46.     On February 14, 2022, due to the pendency of the State Court Proceeding, due to Plaintiff's status as a member of the Board, and in an abundance of caution, Defendant TOVE's counsel, Kaufman Dolowich & Voluck, LLP (the "TOVE Attorneys"), filed an Emergency Motion for Injunctive Relief Against Plaintiff Steven Rosenberg or Alternatively, Motion to Maintain Status Quo (the "Motion for Injunctive Relief") in order to alert the court to Defendant Rosenberg's continually harassing actions as they related to the underlying claims in the case.

47.     Within the Motion for Injunctive Relief, Defendant TOVE, through the TOVE Attorneys, condemned Defendant Rosenberg's repeated efforts to "terrorize, harass, and disparage" members of the Board, and represented Plaintiff's innocence by attaching evidence of Plaintiff's proper parking privileges.

48.     Despite the allegations contained within the Motion for Injunctive Relief and its presentation to the court, throughout the remainder of February 2022 and beyond, Defendant Rosenberg continued to send electronic communications to Plaintiff, other members of the Board, and various attorneys (including TOVE Attorneys) regarding Defendant Rosenberg's issue with Plaintiff's use and enjoyment of parking spot #1103.

49.     TOVE Attorneys spent time reviewing and sending electronic communications, holding phone conferences with Plaintiff and other members of the Board, reviewing various documentation, analyzing caselaw and Florida law, and ultimately preparing and filing the Motion for Injunctive Relief.

50.     All of the above actions undertaken by TOVE Attorneys were requested, approved, and paid for by Defendant TOVE.

51.     Defendant TOVE rightfully utilized the TOVE Attorneys to protect itself against Defendant Rosenberg in the State Court Proceeding.

52.     On or around March 8, 2022, Defendant Rosenberg was elected as President of the Board.

53.     On April 7, 2022, Defendant TOVE and Defendant Rosenberg entered a joint stipulation of mutual walk-away and dismissal with prejudice—although the State Court Proceeding would remain ongoing against other parties on the defamation claims.

54.     Plaintiff was not involved with the State Court Proceeding except as a member of the Board.

55.     Plaintiff's limited communications with the TOVE Attorneys was as a member of the Board, in response to TOVE Attorneys' investigations as authorized by Defendant TOVE, and were related to Defendant Rosenberg's actions solely due to their similarity with the defamation claims in the State Court Proceeding.

56.     On or around September 1, 2022, without notice to Plaintiff, the Board unanimously voted to charge Plaintiff $3,795.00 for her alleged use of TOVE Attorneys for private personal matters.

57.     On or around September 15, 2022, Defendant TOVE sent Plaintiff an "invoice" via U.S. Mail for $3,795.00, or that Defendant TOVE would "place these charges [onto Plaintiff's] account" if unpaid after ten (10) days.

58.     The invoice does not reflect a fine nor an assessment pursuant to Florida Statutes 720.305 and 720.308, respectively. Neither does the invoice reflect the appropriate provision of

Defendant TOVE's Declaration of Condominium authorizing the charge against Plaintiff.

59.      Defendant TOVE had no authority to legitimately charge Plaintiff $3,795.00 and attempt to collect same.

60.      Plaintiff was not provided with any prior written notice by Defendant TOVE that she would be expected to pay for the work performed by the TOVE Attorneys.

61.      Plaintiff did not require, nor request, the service of the TOVE Attorneys to resolve the parking dispute between Plaintiff and Defendant Rosenberg.

62.      Defendant TOVE decided to engage the TOVE Attorneys for the Motion for Injunctive Relief in order to gain an advantage in its own case in the State Court Proceeding.

63.      Defendant TOVE was not authorized to charge any amount relating to its own use of the TOVE Attorneys against Plaintiff.

64.      Such attempt to collect unauthorized charges from Plaintiff resulted in a violation of Plaintiff's rights under the FCCPA.

65.      On or around November 10, 2022, Defendant TOVE, through its officer Debbie Dunson ("Ms. Dunson"), sent an additional demand to Plaintiff, via electronic mail, attempting to collect $3,795.00 for "reimbursement" and notice of charging fines if not paid within seven (7) days.

66.      Defendant TOVE's continued attempts to collect caused Plaintiff to suffer severe emotional distress and anxiety.

67.      On or around November 11, 2022, in furtherance of verification of the amount allegedly due and owing, Plaintiff submitted a Request to Access Association Records via reply Electronic Mail to Ms. Dunson and other members of the Board and officers.

68.      In response to Plaintiff's request, Defendant Rosenberg sent an electronic

communication to Plaintiff representing the alleged debt as fines, and stating that there may be additional claims that the Board had "missed."

69.     Defendant TOVE failed to grant Plaintiff access to the requested records, nor did Defendant TOVE provide verification of the alleged claim.

70.     On or around December 11, 2022, Plaintiff lodged a complaint with the Department of Business and Professional Regulation, Division of Florida Condominiums due to Defendant TOVE's failure to provide its records and verify the charges.

71.     On or around February 21, 2023, Defendant Eisinger sent Plaintiff a demand letter via electronic mail and U.S. Certified mail titled: Demand for payment of outstanding monetary balance due to the Association.

72.     The basis for the alleged debt is lawfully unauthorized; therefore, Defendant Eisinger attempted to collect illegitimate fines or fees from Plaintiff.

73.     Defendant Eisinger's attempt to collect caused Plaintiff to suffer severe emotional distress and anxiety.

74.     Plaintiff is a victim of a targeted assault brought by Defendant Rosenberg.

75.     Defendant Rosenberg, as President of the Board, has now involved Defendant TOVE to do its bidding.

76.     Plaintiff disputes all charges or claims for money as described herein in their entirety, and therefore refuses to remit payment.

77.     Florida Statutes §559.72(9), states, in pertinent part, that in collecting consumer debts, no person shall "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

78.     To determine whether a violation exists under Florida Statutes §559.72(9),  courts **must** refer to other statutes that establish the legitimacy of the debt and define legal rights.[1]

79.     "The Florida Act requires that a plaintiff establish that a creditor had actual knowledge that 'the debt is not legitimate' or that 'the right [the creditor is seeking to enforce] does not exist.' It does not require that, in every case, the creditor know that the Florida Act forbids its conduct.  That being said, it may be that a right does not exist because the Florida Act says so. But a purported debt could also be 'illegitimate' because no debt-creating instrument currently obligates the debtor to pay it. 'Thus, for example, a plaintiff may establish a violation of section 559.72(9) by showing that the debt collector ... attempted to collect a debt that had already been satisfied.' In that case, the defendant would not have to know what the Florida Act says to know that the debt was illegitimate. If the defendant knew that no instrument obligated the debtor to pay the purported debt, that would be sufficient to create liability under the Florida Act. To the extent that [a court] concluded otherwise, it was mistaken."[2]

80.     The claims or charges that all Defendants were charging, collecting or attempting to collect are Consumer Debts as that term is defined by both the FDCPA and the FCCPA.

81.     These Consumer Debts are illegitimate and hold no basis in law.

82.     Plaintiff informed TOVE on multiple occasions that she was no obligated to pay the debt Defendants sought to collect.

83.     All Defendants, at all times material hereto, knew that Plaintiff was not legally obligated to pay the debt they sought to collect, but attempted to collect the debt from Plaintiff regardless. Despite this knowledge Defendant TOVE authorized and instructed Defendant Eisinger to attempt to collect the debt from Plaintiff.

---

[1] *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1126 (11th Cir. 2004) (citations omitted).

[2] *Prescott v. Seterus, Inc.*, 684 F. App'x 947, 949 (11th Cir. 2017) (citing *Read v. MFP, Inc.*, 85 So. 3d 1151, 1155 (Fla. 2d DCA 2012) and Fla. Stat. §559.72(9)).

84.     This case is predicated on Defendant Rosenberg's unmerited attacks on Plaintiff, and on all Defendants' unlawful attempts to collect, arising from a personal, family and/or household transaction, in an amount that exceeds the statutory limit proscribed by Florida Law.

85.     Any conditions necessary to bring this action have been satisfied or waived.

## COUNT I
## FCCPA §559.72(9) VIOLATION BY DEFENDANT TOVE

Plaintiff adopts and re-alleges paragraphs 1 through 85 above as if fully set forth herein.

86.     Despite having actual knowledge that doing so was statutorily proscribed, and not authorized by any contractual agreement between them, Defendant TOVE charged Plaintiff with a claim in the amount of $3,795.00.

87.     Defendant TOVE knowingly claimed, threatened, or enforced an illegitimate debt by knowingly charging and attempting to collect monies to which it was not legally entitled, and knew that it was not entitled.

88.     Defendant TOVE, by knowingly charging or attempting to collect an amount it was not statutorily authorized to collect, asserted the existence of a legal right Defendant TOVE knew did not exist.

89.     Defendant TOVE's attempts to collect caused Plaintiff to suffer severe emotional distress and anxiety.

90.     Defendant TOVE, therefore, has violated FCCPA and is liable to Plaintiff for actual, punitive, and statutory damages, together with attorneys' fees and costs. *See* Fla. Stat. §§ 559.72(9), 559.77(2).

WHEREFORE, Plaintiff prays for judgment against Defendant TOVE for a violation of FCCPA § 559.72(9) and requests that the Court:

a.      Award Plaintiff statutory damages of one thousand-dollars ($1,000.00);

b.      Award Plaintiff actual damages in an amount to be determined by a jury;

c.      Award Plaintiff punitive damages pursuant to Fla. Stat. 768.72 in an amount to be determined by a jury;

d.      Order Defendant TOVE to stop attempting to collect the $3,795.00 claim or charge against Plaintiff;

e.      Award attorneys' fees and costs to compensate Plaintiff's counsel for the time and litigation expenses incurred; and

f.      Issue such other relief as the Court deems just and proper.

## COUNT II
## FCCPA §559.72(9) VIOLATION BY DEFENDANT EISINGER

Plaintiff adopts and re-alleges paragraphs 1 through 85 above as if fully set forth herein.

91.     Despite having actual knowledge that doing so was statutorily proscribed, and not authorized by any contractual agreement between them, Defendant Eisinger attempted to collect fines and other charges from Plaintiff she did not owe.

92.     Defendant Eisinger knowingly claimed, threatened, or enforced an illegitimate debt by knowingly charging and attempting to collect monies to which it was not legally entitled, and knew that it was not entitled.

93.     Defendant Eisinger, by knowingly charging or attempting to collect an amount it was not statutorily authorized to collect, asserted the existence of a legal right Defendant Eisinger knew did not exist.

94.     Defendant Eisinger's attempts to collect caused Plaintiff to suffer severe emotional distress and anxiety.

95.     Defendant Eisinger, therefore, has violated FCCPA and is liable to Plaintiff for actual, punitive, and statutory damages, together with attorneys' fees and costs. *See* Fla. Stat. §§559.72(9), 559.77(2).

WHEREFORE, Plaintiff prays for judgment against Defendant Eisinger for a violation of FCCPA § 559.72(9) and requests that the Court:

      a.     Award Plaintiff statutory damages of one thousand-dollars ($1,000.00);

      b.     Award Plaintiff actual damages in an amount to be determined by a jury;

      c.     Award Plaintiff punitive damages pursuant to Fla. Stat. 768.72 in an amount to be determined by a jury;

      d.     Order Defendant Eisinger to stop attempting to collect the disputed claim or charge against Plaintiff;

      e.     Award attorneys' fees and costs to compensate Plaintiff's counsel for the time and litigation expenses incurred; and

      f.     Issue such other relief as the Court deems just and proper.

## COUNT III
## FCCPA §559.72(9) VIOLATION BY DEFENDANT ROSENBERG

Plaintiff adopts and re-alleges paragraphs 1 through 85 above as if fully set forth herein.

96.     Despite having actual knowledge that doing so was statutorily proscribed, and not authorized by any contractual agreement between them, Defendant Rosenberg attempted to collect amounts from Plaintiff which he knew she did not owe.

97.     Defendant Rosenberg knowingly claimed, threatened, or enforced an illegitimate debt by knowingly charging and attempting to collect monies to which it was not legally entitled, and knew that it was not entitled.

98.     Defendant Rosenberg, by knowingly charging or attempting to collect an amount it was not statutorily authorized to collect, asserted the existence of a legal right Defendant Rosenberg knew did not exist.

99.     Defendant Rosenberg's attempts to collect caused Plaintiff to suffer severe emotional distress and anxiety

100.    Defendant Rosenberg, therefore, has violated FCCPA and is liable to Plaintiff for actual, punitive, and statutory damages, together with attorneys' fees and costs. *See* Fla. Stat. §§559.72(9), 559.77(2).

WHEREFORE, Plaintiff prays for judgment against Defendant Eisinger for a violation of FCCPA § 559.72(9) and requests that the Court:

a.      Award Plaintiff statutory damages of one thousand-dollars ($1,000.00);

b.      Award Plaintiff actual damages in an amount to be determined by a jury;

c.      Award Plaintiff punitive damages pursuant to Fla. Stat. 768.72 in an amount to be determined by a jury;

d.      Order Defendant Eisinger to stop attempting to collect the disputed claim or charge against Plaintiff;

e.      Award attorneys' fees and costs to compensate Plaintiff's counsel for the time and litigation expenses incurred; and

f.      Issue such other relief as the Court deems just and proper.

## COUNT IV
## FCCPA § 559.72(5) VIOLATION BY DEFENDANT ROSENBERG

Plaintiff adopts and re-alleges paragraphs 1 through 85 above as if fully set forth herein.

101.    Defendant Rosenberg violated Florida Statutes §559.72(5) by disclosing information to a person other than Plaintiff or Plaintiff's family, affecting Plaintiff's reputation, with knowledge or reason to know that the information is false.

102.    From February 2022, through present, Defendant Rosenberg has sent numerous electronic communications, to persons other than Plaintiff or Plaintiff's family, in order to persuade Defendant TOVE to fine or otherwise impose an illegitimate penalty against Plaintiff.

103.    Defendant Rosenberg continued to engage in such communications after being made aware of Plaintiff's proper use of parking by the Board and by the TOVE Attorneys.

104. Defendant Rosenberg, now as President of the Board, continues to tarnish Plaintiff's reputation by disclosing the same false information to individuals without any legitimate business interest in the matter.

105. Defendant Rosenberg, as President of the Board, caused Defendant TOVE to charge Plaintiff $3,750.00 in furtherance of his personal assault against Plaintiff.

106. Such communications, statements, and actions have contributed a negative affect against Plaintiff's reputation within her community, with her neighbors, and with her friends.

107. Defendant Rosenberg knew that his statements were false.

108. Defendant Rosenberg's knowingly false accusations caused Plaintiff to suffer severe emotional distress and anxiety.

109. Defendant Rosenberg, therefore, has violated FCCPA and is liable to Plaintiff for actual, punitive, and statutory damages, together with attorneys' fees and costs. *See* Fla. Stat. §§559.72(5), 559.77(2).

WHEREFORE, Plaintiff prays for judgment against Defendant Rosenberg for violations of FCCPA and requests that the Court:

    a.    Award Plaintiff statutory damages of one thousand-dollars ($1,000.00);

    b.    Award Plaintiff actual damages in an amount to be determined by a jury;

    c.    Award Plaintiff punitive damages pursuant to Fla. Stat. 768.72 in an amount to be determined by a jury;

    d.    Order Defendant Rosenberg to stop making false statements affecting Plaintiff's reputation or stop communicating any information affecting Plaintiff's reputation to third-parties who do not have a legitimate business need for that information;

    e.    Award attorneys' fees and costs to compensate Plaintiff's counsel for the time and litigation expenses incurred; and

    f.    Issue such other relief as the Court deems just and proper.

**COUNT V**
**FDCPA §1692(e) VIOLATION BY DEFENDANT EISINGER**

Plaintiff adopts and re-alleges paragraphs 1 through 85 above as if fully set forth herein.

110.    On or about February 21, 2023, Defendant Eisinger sent a collections letter to Plaintiff, both via electronic mail and via U.S. Certified mail, on behalf of Defendant TOVE (the "Collections Letter").

111.    The Collections Letter falsely represents that Plaintiff owes a debt, specifically "fines," to Defendant TOVE.

112.    The Collections Letter further falsely represents that services were rendered to Plaintiff which may be lawfully received by Defendant Eisinger.

113.    The alleged services rendered were not so rendered to Plaintiff.

114.    Defendant Eisinger falsely represented in its Collections Letter that it could lawfully collect on the alleged debt owed by Plaintiff.

115.    The Collections Letter was the initial written communication from Defendant Eisinger to Plaintiff, and there were no prior oral communications.

116.    Defendant Eisinger failed to disclose that it is a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

117.    No subsequent communications have been made by Defendant Eisinger.

118.    Defendant Eisinger's Collections Letter caused Plaintiff to suffer severe emotional distress and anxiety.

119.    Defendant Eisinger, therefore, has violated Section 1692(e) of FDCPA and is liable to Plaintiff for actual and statutory damages, together with attorneys' fees and costs. *See* 15 U.S.C. §1692(k).

WHEREFORE, Plaintiff prays for judgment against Defendant Eisinger for violations of

FDCPA and requests that the Court:

      a.    Award Plaintiff statutory damages of one thousand-dollars ($1,000.00);

      b.    Award Plaintiff actual damages in an amount to be determined by a jury;

      c.    Order Defendant Eisinger to stop attempting to collect the disputed claim or charge against Plaintiff;

      d.    Award attorneys' fees and costs to compensate Plaintiff's counsel for the time and litigation expenses incurred; and

      e.    Issue such other relief as the Court deems just and proper.

**COUNT VI**
**FDCPA §1692(g) VIOLATION BY DEFENDANT EISINGER**

Plaintiff adopts and re-alleges paragraphs 1 through 85 above as if fully set forth herein.

120.    On or about February 21, 2023, Defendant Eisinger sent a collections letter to Plaintiff, both via electronic mail and via U.S. Certified mail, on behalf of Defendant TOVE (the "Collections Letter").

121.    Defendant Eisinger, through the Collections Letter, failed to clarify the amount of the debt as it refers to two (2) separate amounts of money being due: $3,795.00 and $2,500.00.

122.    Although mention is made as to the basis of the alleged debt, Defendant Eisinger, through the Collections Letter, failed to specify to whom the alleged debt is owed.

123.    Defendant Eisinger, through the Collections Letter, failed to provide a statement that unless Plaintiff, within thirty (30) days after receipt, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid.

124.    Defendant Eisinger, through the Collections Letter, failed to provide a statement that Defendant Eisinger would obtain verification of the debt, if disputed within thirty (30) days, and mail a copy of such verification to Plaintiff.

125.    Defendant Eisinger, through the Collections Letter, failed to provide a statement

that Defendant Eisinger would provide Plaintiff with the name and address of the original creditor, if different from the current creditor, upon request by Plaintiff within thirty (30) days.

126.    No subsequent communications have been made by Defendant Eisinger.

127.    Defendant Eisinger's Collections Letter caused Plaintiff to suffer severe emotional distress and anxiety.

128.    Defendant Eisinger, therefore, has violated Section 1692(g) of FDCPA and is liable to Plaintiff for actual and statutory damages, together with attorneys' fees and costs. *See* 15 U.S.C. §1692(k).

WHEREFORE, Plaintiff prays for judgment against Defendant Eisinger for violations of FDCPA and requests that the Court:

     a.    Award Plaintiff statutory damages of one thousand-dollars ($1,000.00);

     b.    Award Plaintiff actual damages in an amount to be determined by a jury;

     c.    Order Defendant Eisinger to stop attempting to collect the disputed claim or charge against Plaintiff;

     d.    Award attorneys' fees and costs to compensate Plaintiff's counsel for the time and litigation expenses incurred; and

     e.    Issue such other relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff respectfully demands a trial by jury on all issues so triable.

DATED: April 24, 2023

*{Certificate of Service and Signature Block to follow}*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true copies of the aforementioned Amended Complaint, along with all exhibits attached thereon, were served on this 24th day of April, 2023, via CM/ECF to all parties registered to receive electronic notice in this case.

Respectfully Submitted,

**LIGHT & GONZALEZ, PLLC**

**Attorneys for the Plaintiff**
8751 W. Broward Blvd., Suite #206
Plantation, FL 33324
Phone: (754) 900-6545
Designated Service E-mail Address:
service@lightgonzalezlaw.com

By: /s/ *Dustin Piercy, Esq.*
    **Dustin Piercy, Esq.**
    Florida Bar No.: 1030710
    **Gregory Light, Esq.**
    Florida Bar No.: 120907
    **Anthony Gonzalez, Esq.**
    Florida Bar No.: 119756