UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-60531-DIMITROULEAS/AUGUSTIN-BIRCH

JOAN NAGAR,

    Plaintiff,

v.

STEVEN ROSENBERG, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION
ON MOTION TO TAX COSTS [DE 80]**

This cause comes before the Court on Defendants Steven Rosenberg and The Towers of Oceanview East Condominium Association, Inc.'s ("TOVE") Motion to Tax Costs. DE 80. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to Tax Costs to the undersigned United States Magistrate Judge. DE 81. Plaintiff Joan Nagar filed a response, DE 82, but Defendants Rosenberg and TOVE did not file a reply. The Court has carefully considered the briefing and the record and is otherwise fully advised. For the reasons set forth below, the Court **RECOMMENDS DENYING** Defendants Rosenberg and TOVE's Motion to Tax Costs.

**I. Background**

In her Amended Complaint, Plaintiff raised both state and federal law claims against Defendants. *See* DE 19. Specifically, Plaintiff raised Florida Consumer Collection Practices Act claims against Defendant TOVE; Defendant Eisinger, Lewis, Chaiet, Stivelman, Eisinger & Shier, P.A. ("Eisinger"); and Defendant Rosenberg. *Id.* at 14–18. Plaintiff also raised Fair Debt Collection Practices Act ("FDCPA") claims, but she only raised these federal law claims against

Defendant Eisinger. *Id.* at 19–21. Defendant Eisinger and Plaintiff eventually filed a stipulation of dismissal, resulting in a dismissal of Plaintiff's FDCPA claims. DE 64; DE 65. Subsequently, Defendants Rosenberg and TOVE moved to dismiss Plaintiff's Amended Complaint, arguing the Court lacked subject matter jurisdiction over the state law claims after the dismissal of the only federal law claims that Plaintiff raised. DE 66. Judge Dimitrouleas declined to retain supplemental jurisdiction over the state law claims raised in Plaintiff's Amended Complaint and thus dismissed Plaintiff's Amended Complaint without prejudice. DE 78. Thereafter, Defendants Rosenberg and TOVE filed the present Motion to Tax Costs, seeking to tax costs of $3,575.74 pursuant to Federal Rule of Civil Procedure 54. DE 80.

## II. Analysis

"Rule 54(d) provides that a 'prevailing party' should be allowed to recover its costs as a matter of course unless a federal statute, the Rules, or a court order provides otherwise." *Ware v. Pine State Mortg. Corp.*, 754 F. App'x 831, 832 (11th Cir. 2018). "A 'prevailing party' under Rule 54(d) is '[u]sually the litigant in whose favor judgment is rendered . . . .'" *Id.* (quoting *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)). "And while our cases consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced, there is no prevailing party—and thus no cost award—if there has not been a material alteration of the legal relationship of the parties." *Id.* at 832–33 (quotation marks omitted).

Because a dismissal for lack of subject matter jurisdiction does not generally result in a material alteration of the legal relationship of the parties, a dismissal for lack of subject matter jurisdiction does not automatically confer prevailing party status. *See, e.g.*, *Ffrench v. Ffrench*, 418 F. Supp. 3d 1186, 1190 (S.D. Fla. 2019) ("Dismissals for lack of subject matter jurisdiction . . . or dismissals without prejudice in general, usually do *not* qualify parties for prevailing party status."); *Interim Healthcare Inc. v. Suncoast Loving Care, LLC*, No. 18-60766, 2018 WL

6620314, at *3 (S.D. Fla. Nov. 28, 2018) ("Although Defendants prevailed in having the breach of contract claims dismissed in the federal court, they have not prevailed in the overall litigation, as those same claims may now be re-filed in the state court."), *report and recommendation affirmed and adopted*, 2018 WL 6978625 (S.D. Fla. Dec. 28, 2018); *Christu v. Pizzola*, No. 19-80459, 2020 WL 4462186, at *2 (S.D. Fla. Aug. 4, 2020) ("A dismissal without prejudice for lack of subject matter jurisdiction ordinarily is not viewed as one conferring 'prevailing party' status—primarily because the parties remain free to seek a determination of the issues in another forum, and the legal relationship between the parties following such a disposition has not been materially changed."); *see also Maale v. Kirchgessner*, No. 08-80131-CIV, 2011 WL 1549058, at *2 (S.D. Fla. Apr. 22, 2011) (declining to find a party to be the prevailing party on state law claims that the Court declined to exercise supplemental jurisdiction over and dismissed without prejudice so that the plaintiff could bring them in state court).

Here, Judge Dimitrouleas declined to exercise supplemental jurisdiction over Plaintiff's state law claims, DE 78, which, in effect, operated as a dismissal for lack of subject matter jurisdiction. Judge Dimitrouleas' Order made no merits determination, as the dismissal was without prejudice, and the Order even specifies that "Plaintiff may pursue her state law claims in state court." *Id.* at 3. Consequently, the Court finds that there has been no material change to the legal relationship of the parties and that Defendants Rosenberg and TOVE are not prevailing parties entitled to tax costs under Rule 54(d).

### III. Plaintiff's Request for Attorneys' Fees

In her response to Defendants Rosenberg and TOVE's Motion to Tax Costs, Plaintiff requests for the Court to charge "Defendants with one hour of Plaintiff's attorneys' fees at the reasonable rate of $550.00 for the preparation and draft of this Response." DE 82 at 3. But Plaintiff does not provide any rule, statute, or contract permitting recovery of her attorneys' fees for drafting

a response to Defendants Rosenberg and TOVE's Motion to Tax Costs. Moreover, Plaintiff's request for attorneys' fees as part of her response is an improper way for Plaintiff to request such relief. *See Peklun v. Tierra Del Mar Condo. Ass'n*, No. 15-CIV-80801, 2015 WL 8029840, at *16 (S.D. Fla. Dec. 7, 2015) (noting that a party may not seek affirmative relief in a response); *see also* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Accordingly, the Court recommends denying Plaintiff's request for attorneys' fees without prejudice for Plaintiff to file a motion for attorneys' fees.

### IV. Recommendation

For the foregoing reasons, the Court **RECOMMENDS DENYING** Defendants Rosenberg and TOVE's Motion to Tax Costs [DE 80]. Additionally, the Court **RECOMMENDS DENYING WITHOUT PREJUDICE** Plaintiff's request for attorneys' fees raised in her response.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 25th day of June, 2024.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE